UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOHN H. WHITE,

                      Petitioner,

                      **OPINION & ORDER**
                      CV-10-5163 (SJF)

-against-

DAVID ROCK, Superintendent of the
Upstate Correctional Facility,

                      Respondent.
----------------------------------------------------------X
FEUERSTEIN, J.

I.    Introduction

On June 6, 2008, a judgment of conviction was entered against petitioner John H. White ("petitioner") in the Supreme Court of the State of New York, Nassau County (Brown, J.) ("the trial court"), upon a jury verdict finding him guilty of murder in the second degree (N.Y. Penal Law § 125.25(3)), attempted robbery in the first degree (N.Y. Penal Law §§ 110.00 and 160.15(2)) and attempted robbery in the second degree (N.Y. Penal Law §§ 110.00 and 160.10(1))[1], and imposition of sentence. On November 5, 2010, petitioner filed a petition in this Court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By order entered October 4, 2011, petitioner was granted leave to file an amended petition. Petitioner now seeks, *inter alia*, certain discovery from respondent; the imposition of sanctions, including a default judgment, against respondent; summary judgment granting him the relief sought in his amended habeas

---

[1] The jury acquitted petitioner of the charges of criminal possession of a weapon in the second degree (N.Y. Penal Law § 265.03(2)) and criminal possession of a weapon in the third degree (N.Y. Penal Law § 265.02(4)).

1

petition; and a writ of mandamus compelling respondent to file a response to the amended petition.

II.  Discussion

On October 22, 2005, the victim Jose Benitez ("Benitez") was fatally shot during an attempt by petitioner and his co-defendant Keith James ("James") to rob him while armed with a loaded firearm. Prior to trial, James entered into a plea agreement, pursuant to which he agreed to testify against petitioner.

On June 6, 2008, a judgment of conviction was entered against petitioner in the trial court, upon a jury verdict finding him guilty of murder in the second degree (N.Y. Penal Law § 125.25(3)), attempted robbery in the first degree (N.Y. Penal Law §§ 110.00 and 160.15(2)) and attempted robbery in the second degree (N.Y. Penal Law §§ 110.00 and 160.10(1))[2], and imposition of sentence, as a second felony offender, to concurrent terms of imprisonment of twenty-five (25) years to life upon the conviction of murder in the second degree, fifteen (15) years to life upon the conviction of attempted robbery in the first degree and seven (7) years upon the conviction of attempted robbery in the second degree.

Petitioner appealed his judgment of conviction to the Supreme Court of the State of New York, Appellate Division, Second Judicial Department ("Appellate Division") on the grounds, *inter alia*: (1) that the trial court erred in (a) denying his pretrial motion to suppress his statements to law enforcement officials, (b) failing to give an accomplice-corroboration charge

---

[2] The jury acquitted petitioner of the charges of criminal possession of a weapon in the second degree (N.Y. Penal Law § 265.03(2)) and criminal possession of a weapon in the third degree (N.Y. Penal Law § 265.02(4)).

2

pursuant to New York Criminal Procedure Law § 60.22(1) and (c) denying his request for a mistrial after James suggested that he had been involved in an uncharged crime; (2) that juror misconduct deprived him of a fair trial; (3) that he was denied his right to be present at a material stage of the trial when the trial court questioned a court officer in camera regarding the incident which gave rise to his allegation of juror misconduct; (4) that the verdict was legally insufficient and against the weight of the evidence; (5) that he received ineffective assistance of counsel at trial; (6) that he was prejudiced by the prosecution's late disclosure of a witness statement; (7) that he was prejudiced by the prosecutor's comments during summation; and (8) that the sentence imposed was harsh and excessive.[3]

By order dated May 4, 2010, the Appellate Division affirmed the judgment, finding, *inter alia*: (1) that the trial court properly denied petitioner's motion to suppress his statements to the police; (2) that petitioner's claim that the trial court erred in failing to give an accomplice-corroboration charge was unpreserved for appellate review and, in any event, was without merit; (3) that the trial court's inquiry into the alleged juror misconduct was sufficient to establish that the allegation was without merit; (4) that the trial court's in camera questioning of a court officer in the presence of defense counsel did not deprive petitioner of his right to be present at a material stage of the trial; (5) that the trial court providently exercised its discretion in denying petitioner's request for a mistrial and its curative instruction was sufficient to ameliorate any prejudice to petitioner resulting from James's unresponsive answer on cross-examination; (6) that petitioner's legal insufficiency claim was unpreserved for appellate review and, in any event, was without merit and the verdict was not against the weight of the evidence; (7) that the sentence

---

[3] Petitioner was granted leave to file a supplemental *pro se* brief on the direct appeal from his judgment of conviction.

imposed was not excessive; and (8) that petitioners' remaining contentions were without merit. People v. White, 73 A.D.3d 820, 900 N.Y.S.2d 407 (2d Dept. 2010). On June 29, 2010, the Appellate Division denied petitioner's application seeking to reargue his appeal. On July 8, 2010, the Court of Appeals of the State of New York denied petitioner's application for leave to appeal to that court from the May 4, 2010 order of the Appellate Division affirming his judgment of conviction. People v. White, 15 N.Y.3d 779, 907 N.Y.S.2d 468, 933 N.E.2d 1061 (2010).

Petitioner also sought to vacate his judgment of conviction pursuant to New York Criminal Procedure Law § 440.10 ("the 440.10 motion"), on the basis, *inter alia*, of newly discovered evidence and that the judgment was procured by duress, misrepresentation or fraud on the part of the prosecution. By order dated June 11, 2010, the County Court of the State of New York, County of Nassau (Ayres, J.) ("the County Court") denied the 440.10 motion. By order dated February 9, 2011, the Appellate Division denied petitioner's application for leave to appeal the June 11, 2010 order of the County Court. By order dated May 26, 2011, the Appellate Division denied petitioner's motion for leave to appeal to the Court of Appeals from its February 9, 2011 order denying petitioner's application for leave to appeal the June 11, 2010 order of the County Court.

On November 5, 2010, petitioner filed a petition in this Court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging: (1) that the trial court erred (a) in failing to give the jury an accomplice-corroboration charge (Ground One), (b) in failing to "make a probing inquiry regarding juror misconduct" (Ground Three), and (c) in denying his motion to suppress statements made to law enforcement officers (Ground Five); (2) that petitioner was denied the effective assistance of trial counsel by counsel's failure (a) to request an accomplice-

corroboration charge (Ground Two), (b) to argue the validity of the arrest warrant (Ground Eight), and (c) to call a rebuttal witness (Ground Eleven); (3) that petitioner was denied a fair trial (a) as a result of an unresponsive statement made by James during cross-examination (Ground Four), (b) by the prosecutor's comment during summation which vouched for a witness (Ground Nine) and (c) by the prosecution's withholding of an exculpatory witness statement (Ground Ten); (4) that the evidence was legally insufficient or the verdict was against the weight of the evidence (Ground Six); (5) that the sentence imposed was excessive (Ground Seven); and (6) that petitioner was denied his right to be present at a material stage of the proceedings (Ground Twelve). Respondent filed his return to the petition on January 20, 2011. However, by order dated October 3, 2011, plaintiff was granted leave to amend his petition and respondent was directed to file a response to the amended petition on or before November 1, 2011. To date, respondent has not served or filed a response to the amended petition.

By order dated June 28, 2011, the Appellate Division denied petitioner's application for a writ of error coram nobis seeking to vacate, on the ground of ineffective assistance of appellate counsel, the Appellate Division's May 4, 2010 order affirming his judgment of conviction. People v. White, 85 A.D.3d 1205, 926 N.Y.S.2d 297 (2d Dept. 2011). On October 4, 2011, the Court of Appeals of the State of New York denied petitioner's application for leave to appeal to that court from the June 28, 2011 order of the Appellate Division. People v. White, 17 N.Y.3d 905, 933 N.Y.S.2d 660, 957 N.E.2d 1164 (2011).

Pending before the Court are petitioner's motions: (1) for certain discovery to be provided to him, (Doc. No. 26); (2) for sanctions against respondent for his failure to comply with the Court's October 3, 2011 order directing that a response to the amended petition be filed on or

before November 1, 2011, (Doc. No. 46); (3) for a default judgment against respondent, (Doc. No. 57); (4) for summary judgment on the amended petition, (Doc. No. 61); and (5) for a writ of mandamus pursuant to 28 U.S.C. § 1361, directing respondent to file a response to the petition, (Doc. No. 64).

Petitioner's applications are granted to the extent that **on or before June 11, 2012** respondent is directed to serve and file: (1) a response to the amended petition, including the additional claims raised by petitioner relating to his post-conviction claims, and (2) a supplemental response to the motion for discovery in light of the additional claims asserted by petitioner in the amended petition, and petitioner's motions are otherwise denied without prejudice to renewing: (a) the motion for sanctions in the event respondent fails to comply with this order and (b) the motion for discovery in the event petitioner can establish "good cause" therefor in accordance with Rule 6 of the Rules Governing Habeas Corpus Cases under Section 2254 following respondent's supplemental response.

The Clerk of the Court is directed to serve notice of entry of this Order on all parties in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the *pro se* petitioner at his last known address, see Fed. R. Civ. P. 5(b)(2)(C).

SO ORDERED.

s/ Sandra J. Feuerstein

SANDRA J. FEUERSTEIN
United States District Judge

Dated: May 9, 2012
Central Islip, New York