UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JOHN H. WHITE,

              Petitioner,

              **OPINION & ORDER**
              **CV-10-5163 (SJF)**
-against-           **CV-12-4465 (SJF)**

DAVID ROCK, Superintendent of the
Upstate Correctional Facility,

              Respondent.
-------------------------------------------------------X
FEUERSTEIN, J.

I.    Introduction

On June 6, 2008, a judgment of conviction was entered against petitioner John H. White ("petitioner") in the Supreme Court of the State of New York, Nassau County (Brown, J.) ("the trial court"), upon a jury verdict finding him guilty of murder in the second degree (N.Y. Penal Law § 125.25(3)), attempted robbery in the first degree (N.Y. Penal Law §§ 110.00 and 160.15(2)) and attempted robbery in the second degree (N.Y. Penal Law §§ 110.00 and 160.10(1))[1], and imposition of sentence. On November 5, 2010, petitioner filed a petition in this Court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was assigned docket number 10-cv-5163 ("the first proceeding"), together with an application to proceed *in forma pauperis*. Petitioner was granted leave to proceed *in forma pauperis* in the first proceeding

---

[1] The jury acquitted petitioner of the charges of criminal possession of a weapon in the second degree (N.Y. Penal Law § 265.03(2)) and criminal possession of a weapon in the third degree (N.Y. Penal Law § 265.02(4)).

1

pursuant to Administrative Order 2001-06.

On September 6, 2012, petitioner filed a second petition in this Court against respondent ostensibly seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was assigned docket number 12-cv-4465 ("the second proceeding"). Pending before the Court are petitioner's: (a) application for leave to proceed *in forma pauperis* in the second proceeding; (b) motion to consolidate the two (2) proceedings; (c) three (3) motions in the first proceeding to compel an immediate transfer of custody; and (d) motion in the first proceeding (i) to compel (A) his continued special access to the law library and (B) an immediate eye examination by an eye specialist, and (ii) for a protective order preventing him from "reasonably foreseeable battery attacks." For the reasons set forth below, petitioner's application for leave to proceed *in forma pauperis* is granted and his motions to consolidate and to compel are denied.

II. Background

A. The First Proceeding

On October 22, 2005, the victim Jose Benitez ("Benitez") was fatally shot during an attempt by petitioner and his co-defendant Keith James ("James") to rob him while armed with a loaded firearm. Prior to trial, James entered into a plea agreement, pursuant to which he agreed to testify against petitioner.

On June 6, 2008, a judgment of conviction was entered against petitioner in the trial court, upon a jury verdict finding him guilty of murder in the second degree (N.Y. Penal Law § 125.25(3)), attempted robbery in the first degree (N.Y. Penal Law §§ 110.00 and 160.15(2)) and

attempted robbery in the second degree (N.Y. Penal Law §§ 110.00 and 160.10(1))², and imposition of sentence, as a second felony offender, to concurrent terms of imprisonment of twenty-five (25) years to life upon the conviction of murder in the second degree, fifteen (15) years to life upon the conviction of attempted robbery in the first degree and seven (7) years upon the conviction of attempted robbery in the second degree.

Petitioner appealed his judgment of conviction to the Supreme Court of the State of New York, Appellate Division, Second Judicial Department ("Appellate Division") on the grounds, *inter alia*: (1) that the trial court erred in (a) denying his pretrial motion to suppress his statements to law enforcement officials, (b) failing to give an accomplice-corroboration charge pursuant to New York Criminal Procedure Law § 60.22(1) and (c) denying his request for a mistrial after James suggested that he had been involved in an uncharged crime; (2) that juror misconduct deprived him of a fair trial; (3) that he was denied his right to be present at a material stage of the trial when the trial court questioned a court officer in camera regarding the incident which gave rise to his allegation of juror misconduct; (4) that the verdict was legally insufficient and against the weight of the evidence; (5) that he received ineffective assistance of counsel at trial; (6) that he was prejudiced by the prosecution's late disclosure of a witness statement; (7) that he was prejudiced by the prosecutor's comments during summation; and (8) that the sentence imposed was harsh and excessive.³

---

² The jury acquitted petitioner of the charges of criminal possession of a weapon in the second degree (N.Y. Penal Law § 265.03(2)) and criminal possession of a weapon in the third degree (N.Y. Penal Law § 265.02(4)).

³ Petitioner was granted leave to file a supplemental *pro se* brief on the direct appeal from his judgment of conviction.

By order dated May 4, 2010, the Appellate Division affirmed the judgment, finding, *inter alia*: (1) that the trial court properly denied petitioner's motion to suppress his statements to the police; (2) that petitioner's claim that the trial court erred in failing to give an accomplice-corroboration charge was unpreserved for appellate review and, in any event, was without merit; (3) that the trial court's inquiry into the alleged juror misconduct was sufficient to establish that the allegation was without merit; (4) that the trial court's in camera questioning of a court officer in the presence of defense counsel did not deprive petitioner of his right to be present at a material stage of the trial; (5) that the trial court providently exercised its discretion in denying petitioner's request for a mistrial and its curative instruction was sufficient to ameliorate any prejudice to petitioner resulting from James's unresponsive answer on cross-examination; (6) that petitioner's legal insufficiency claim was unpreserved for appellate review and, in any event, was without merit and the verdict was not against the weight of the evidence; (7) that the sentence imposed was not excessive; and (8) that petitioners' remaining contentions were without merit. People v. White, 73 A.D.3d 820, 900 N.Y.S.2d 407 (2d Dept. 2010). On June 29, 2010, the Appellate Division denied petitioner's application seeking to reargue his appeal. On July 8, 2010, the Court of Appeals of the State of New York denied petitioner's application for leave to appeal to that court from the May 4, 2010 order of the Appellate Division affirming his judgment of conviction. People v. White, 15 N.Y.3d 779, 907 N.Y.S.2d 468, 933 N.E.2d 1061 (2010).

Petitioner also sought to vacate his judgment of conviction pursuant to New York Criminal Procedure Law § 440.10 ("the 440.10 motion"), on the basis, *inter alia*, of newly discovered evidence and that the judgment was procured by duress, misrepresentation or fraud on the part of the prosecution. By order dated June 11, 2010, the County Court of the State of New

4

York, County of Nassau (Ayres, J.) ("the County Court") denied the 440.10 motion. By order dated February 9, 2011, the Appellate Division denied petitioner's application for leave to appeal the June 11, 2010 order of the County Court. By order dated May 26, 2011, the Appellate Division denied petitioner's motion for leave to appeal to the Court of Appeals from its February 9, 2011 order denying petitioner's application for leave to appeal the June 11, 2010 order of the County Court.

On November 5, 2010, petitioner filed a petition in this Court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging: (1) that the trial court erred (a) in failing to give the jury an accomplice-corroboration charge (Ground One), (b) in failing to "make a probing inquiry regarding juror misconduct" (Ground Three), and (c) in denying his motion to suppress statements made to law enforcement officers (Ground Five); (2) that petitioner was denied the effective assistance of trial counsel by counsel's failure (a) to request an accomplice-corroboration charge (Ground Two), (b) to argue the validity of the arrest warrant (Ground Eight), and (c) to call a rebuttal witness (Ground Eleven); (3) that petitioner was denied a fair trial (a) as a result of an unresponsive statement made by James during cross-examination (Ground Four), (b) by the prosecutor's comment during summation which vouched for a witness (Ground Nine) and (c) by the prosecution's withholding of an exculpatory witness statement (Ground Ten); (4) that the evidence was legally insufficient or the verdict was against the weight of the evidence (Ground Six); (5) that the sentence imposed was excessive (Ground Seven); and (6) that petitioner was denied his right to be present at a material stage of the proceedings (Ground Twelve). Respondent filed his return to the petition on January 20, 2011. However, by order dated October 3, 2011, plaintiff was granted leave to amend his petition.

5

By order dated June 28, 2011, the Appellate Division denied petitioner's application for a writ of error coram nobis seeking to vacate, on the ground of ineffective assistance of appellate counsel, the Appellate Division's May 4, 2010 order affirming his judgment of conviction. People v. White, 85 A.D.3d 1205, 926 N.Y.S.2d 297 (2d Dept. 2011). On October 4, 2011, the Court of Appeals of the State of New York denied petitioner's application for leave to appeal to that court from the June 28, 2011 order of the Appellate Division. People v. White, 17 N.Y.3d 905, 933 N.Y.S.2d 660, 957 N.E.2d 1164 (2011).

B. The Second Proceeding

In the petition filed in the second proceeding, petitioner alleges, *inter alia*, that his constitutional rights are being violated at Upstate Correctional Facility insofar as (a) "officers are staging battery assaults, destroying video's [sic] in support of claims and admin. officials are denying comprehension of nexus," (ground one); (b) "the corrections counselor * * * refuses to relay [his] concerns of safety or recommend transfer or P-C," (ground two); (c) the attorney general has failed to investigate his claims (ground three); and (d) he has been subjected to "gang assaults by officers in secluded non-camera areas," (ground four). Petitioner seeks, *inter alia*, an emergency transfer to "a safer facility" and an investigation of his claims.

III. Discussion

Since plaintiff is not challenging the legality of his custody, i.e., the fact or duration of his custody, or seeking immediate release or a speedier release from custody, in the second proceeding, the petition in the second proceeding is not properly brought pursuant to Section

6

2254. See, e.g. Wilkinson v. Dotson, 544 U.S. 74, 125 S. Ct. 1242, 1245, 161 L. Ed. 2d 253 (2005); Preiser v. Rodriguez, 411 U.S. 475, 484-85, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); Abdul-Hakeem v. Koehler, 910 F.2d 66, 69-70 (2d Cir. 1990). The claims in the petition filed in the second proceeding challenge the conditions of petitioner's prison life, i.e., the purportedly unconstitutional treatment petitioner is receiving while incarcerated at Upstate Correctional Facility, and seek, *inter alia*, transfer from one correctional facility to another, as opposed to release from custody itself, and, therefore, set forth claims pursuant to 42 U.S.C. § 1983. See, e.g. Abdul-Hakeem, 910 F.2d at 69-70 (holding that the relief the petitioner sought, i.e., a change in the place of confinement as opposed to a "release from 'confinement itself'," "seeks only to change the conditions of his confinement" and, thus, was cognizable under Section 1983); In re Baker, 469 Fed. Appx. 89, 90 (3d Cir. June 27, 2012) ("Federal law provides two avenues of relief to a state prisoner for complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a civil rights complaint, 42 U.S.C. § 1983. * * * A request for a prison transfer is not cognizable under habeas * * * [although] in limited circumstances, transfer may be available under section 1983.") Accordingly, the petition in the second proceeding is liberally construed to be a complaint pursuant to Section 1983, as opposed to a petition pursuant to Section 2254.

A. *In Forma Pauperis* Application

Since plaintiff's financial status qualifies him to commence the second proceeding without prepayment of the filing fees, see 28 U.S.C. § 1915(a)(1), plaintiff's application to proceed *in forma pauperis* in the second proceeding is granted.

7

B.  Motion to Consolidate

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may: * * * consolidate the actions; or issue any other orders to avoid unnecessary cost or delay." See Devlin v. Transportation Communications Intern. Union, 175 F.3d 121, 130 (2d Cir. 1999). District courts have broad discretion to determine whether consolidation is appropriate. See Johnson v. Celotex Corp., 899 F.2d 1281, 1284-1285 (2d Cir. 1990). Since petitioner's two (2) proceedings in this Court do not involve common questions of law or fact, i.e., the first proceeding challenges the fact and duration of petitioner's confinement, that is, the legality of his state court conviction, and the second proceeding challenges the conditions of petitioner's confinement, his motion to consolidate the two (2) proceedings is denied.

C.  Venue

Since the petition in the second proceeding is construed to be a complaint pursuant to Section 1983, the civil venue statute, 28 U.S.C. § 1391(b), is applicable. Section 1391(b) provides, in relevant part, as follows:

> "A civil action may be brought in– (1) a judicial district in which any defendant resides, * * *; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

"For venue purposes, public officials [sued in their official capacity] reside in the district in which they perform their official duties." Pierce v. Coughlin, 806 F. Supp. 426, 427 (S.D.N.Y.

8

1992); see also Berry v. New York State Department of Correctional Services, 808 F. Supp. 1106, 1108-09 (S.D.N.Y. 1992). Since Upstate Correctional Facility, where respondent performs his official duties and where a substantial part of the events or omissions giving rise to petitioner's claims occurred, is located in the Town of Malone, County of Franklin, State of New York, venue of the second proceeding is appropriate in the United States District Court for the Northen District of New York, not in this Court.[4]

D.  28 U.S.C. § 1406(a)

28 U.S.C. § 1406(a) provides, in pertinent part, as follows:

> "The district court of a district in which is filed a case laying venue in the wrong * * * district shall dismiss, or if it be in the interest of justice, transfer such case to any district * * * in which it could have been brought."

"Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice." Daniel v. American Board of Emergency Medicine, 428 F.3d 408, 435 (2d Cir. 2005).

Since the second proceeding cannot proceed in this Court because venue is improper under Section 1391(b), the second proceeding must either be dismissed without prejudice or transferred to another district where it could have been brought initially in the interest of justice pursuant to Section 1406(a). In light of, *inter alia*, the nature of the claims alleged in the petition filed in the second proceeding, as well as the fact that petitioner has a Section 1983 action

---

[4] Section 1391(b)(3) does not confer venue in this Court because there is a judicial district in which this action could properly be commenced, i.e., the Northern District of New York.

9

alleging similar claims already pending in the Northern District of New York under docket number 12-cv-0986(NAM)(RFT), transfer of the second proceeding to the Northern District of New York, rather than dismissal, is in the interest of justice. Accordingly, the second proceeding is transferred to the United States District Court for the Northern District of New York pursuant to 28 U.S.C. § 1406(a).

### E. Motions to Compel

The relief petitioner seeks in his motions to compel an immediate transfer of custody to another correctional facility is the very same relief he seeks in the second proceeding. For the reasons set forth above, the relief sought, i.e., a transfer from Upstate Correctional Facility to a different correctional facility, is not available in a habeas proceeding under Section 2254. See, e.g. Garver v. Superintendent Oneida Correctional Facility, No. 10-CV-6142T, 2011 WL 3236386, at * 1 (W.D.N.Y. July 28, 2011) (denying the petitioner's motion to transfer to a different correctional facility, filed in his habeas proceeding pursuant to Section 2254, because such motion does not challenge the validity of his confinement, but rather regards the circumstances of his confinement).

Likewise, petitioner's motion to compel continued special access to the law library and an immediate eye examination, and for a protective order, relate to the conditions of his confinement and, thus, are not properly pursued in the first proceeding pursuant to Section 2254. See, e.g. Williams-Bey v. Buss, 270 Fed. Appx. 437, 438 (7th Cir. Mar. 19, 2008) (holding that a petitioner may not use a Section 2254 petition to challenge the restriction on his use of the prison library). Accordingly, petitioner's four (4) motions to compel are denied without prejudice to pursuing

such relief in his Section 1983 proceedings pending, and being transferred to, the Northern District of New York.[5]

IV.   CONCLUSION

For the reasons set forth above, petitioner's application for leave to proceed *in forma pauperis* in the second proceeding is granted and petitioner's motions to consolidate and to compel are denied. The Clerk of the Court shall: (1) transfer the second proceeding to the United States District Court for the Northern District of New York pursuant to 28 U.S.C. § 1406(a); (2) close the second proceeding in this Court; (3) forward copies of the summons, the petition in the second proceeding and this Order to the United States Marshal Service for service upon respondent without prepayment of fees; and (4) serve notice of entry of this Order on petitioner in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

*s/ Sandra J. Feuerstein*

———————————————
SANDRA J. FEUERSTEIN
United States District Judge

Dated: February 4, 2013
       Central Islip, New York

---

[5] To the extent petitioner is seeking relief in this Court due to the purported delay of his proceedings in the Northern District of New York, this Court is not the proper vehicle for obtaining such relief.

11