FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ MAR 27 2014 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOHN WHITE,

                Petitioner,

-against-

OPINION AND ORDER
10-CV-5163 (SJF)

DAVID ROCK, Superintendent of the Upstate
Correctional Facility,

                Respondent.
----------------------------------------------------------X
FEUERSTEIN, District Judge:

By Opinion and Order dated April 22, 2013, this Court denied petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and *sua sponte* denied a certificate of appealability (DE 101). On May 10, 2013, petitioner filed a notice of motion[1] for relief, pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b), from the order denying his habeas corpus petition and motion for discovery. For the following reasons, petitioner's Rule 60(b) motion is denied.

## Discussion[2]

Petitioner was found guilty, by jury verdict in the Supreme Court of New York, Nassau County, of murder in the second degree (N.Y. Penal Law § 125.25(3)), attempted robbery in the first degree (N.Y. Penal Law §§ 110.00 and 160.15(2)) and attempted robbery in the second degree (N.Y. Penal Law §§ 110.00 and 160.10(1)) for his role in the attempted robbery and murder of Jose Benitez. Petitioner was sentenced, as a second felony offender, to concurrent

---

1. In his Notice of Motion (DE 103), petitioner also moves pursuant to FRCP 15(b)(1) and (2), which provides for the amendment of pleadings during and after trial. Petitioner makes no arguments with respect to Rule 15 and, accordingly, his motion is construed as one brought solely under Rule 60(b).

2. The facts of this case are set forth in detail in this Court's Opinion and Order dated April 22, 2013 and are repeated here only to the extent necessary to decide petitioner's motion.

terms of imprisonment of twenty-five (25) years to life, fifteen (15) years with five (5) years post-release supervision, and seven (7) years with five (5) years post-release supervision, respectively, on the three (3) charges.

### *FRCP 60(b)*

Rule 60(b) provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

A grant of relief under Rule 60(b), entrusted to the sound discretion of the trial court, depends upon the parties and the circumstances of each case. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). "A Rule 60(b) motion should be broadly construed to do substantial justice, yet final judgments should not be lightly reopened." *PG 1044 Madison Assocs., L.L.C. v. Sirene One*, L.L.C., 229 F.R.D.450, 452 (S.D.N.Y. 2005). "Rule 60(b) provides extraordinary relief, and a motion thereunder may only be granted upon a showing of exceptional circumstances." *Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004). The party seeking relief under Rule 60(b) bears the burden of proof. *PG 1044 Madison Assocs., L.L.C.*, 229 F.R.D. at 452. In the Second Circuit, a Rule 60(b) motion "cannot serve as an attempt to relitigate the merits." *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989) (citing *Mastini v. Amer. Tel. & Telegraph Co.*, 369 F.2d 378, 379 (2d Cir. 1966)).

Rule 60(b) applies to habeas corpus cases and may be used to reopen a habeas

proceeding. *Williams v. Donnelly*, No. 99 Civ. 6051, 2011 WL 815689, at *2 (W.D.N.Y. Mar. 2, 2011) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005)). However, "relief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). *See Rodriguez v. Mitchell*, 252 F.3d 191, 198 (2d Cir. 2001) ("We now rule that a motion under Rule 60(b) to vacate a judgment denying habeas is not a second or successive habeas petition and should therefore be treated as any other motion under Rule 60(b).").

Conversely, "a Rule 60(b) motion that *attacks the underlying conviction* presents a district court with two procedural options: (i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to [the Court of Appeals] for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).' " *Harris*, 367 F.3d at 82 (quoting *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002)).

*Petitioner's Rule 60(b) Motion*

Petitioner asserted twelve (12) grounds for relief in his original habeas petition, and six (6) additional grounds and a request for discovery in an amended petition, which was denied in its entirety. Petitioner now moves pursuant to Rule 60(b)[3] for "reconsideration of all claims stated within the initial habeas petition and discovery application." DE 103 p. 2. In his

---

3. Petitioner cites generally to Rule 60(b) and its various subdivisions, but makes no specific arguments invoking the Rule. Because the Court finds that petitioner does not attack the integrity of the habeas proceeding, his failure to articulate a particular section is immaterial.

memoranda, petitioner attacks his underlying conviction by rehashing arguments from his original petition and by responding with new arguments to the rulings in the April 22, 2013 Order. Thus, he seeks to revisit the merits of his habeas petition and his underlying state court conviction.

## Conclusion

For the foregoing reasons, petitioner's motion is beyond the scope of Rule 60(b) and, accordingly, the motion is denied.

**SO ORDERED.**

Dated: March 27, 2014
      Central Islip, New York

s/ Sandra J. Feuerstein
_____
Sandra J. Feuerstein, U.S.D.J.