FILED
CLERK
5/31/2016 9:36 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOHN H. WHITE,

                           Petitioner,

           -against-

DAVID A. ROCK, Superintendent of the Upstate
Correctional Facility,

                          Respondent.
------------------------------------------------------------------X

**ORDER**
10-cv-5163 (SJF)

FEUERSTEIN, J.:

       On December 28, 2015, *pro se* petitioner John H. White ("Petitioner"), who is currently incarcerated at the Attica Correctional Facility, filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(6) seeking reconsideration and vacatur of this Court's Order of April 22, 2013 denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, Petitioner's motion is denied.

**I.    RELEVANT BACKGROUND**

       The facts of this case are set forth in detail in the Court's Order dated April 22, 2013. (Dkt. 101). The relevant background is as follows. On June 6, 2008, upon a jury verdict entered in the Supreme Court of the State of New York, Nassau County ("Nassau County Supreme Court"), Petitioner was convicted of murder in the second degree, attempted robbery in the first degree, and attempted robbery in the second degree, and was sentenced, as a second degree felony offender, to concurrent terms of imprisonment of twenty-five (25) years to life, fifteen (15) years with five (5) years post-release supervision, and seven (7) years with five (5) years post-release supervision, respectively, on the three (3) charges. *See People v. White*, 73 A.D. 3d 820 (2d Dep't 2010) (affirming conviction), *further appeal denied*, *People v. White*, 15

1

N.Y.3d 779 (2010).

On November 5, 2010, Petitioner filed a petition for writ of habeas corpus challenging his state court conviction pursuant to 28 U.S.C. § 2254, asserting twelve (12) grounds for relief. (Dkt. 1). On April 22, 2013, the Court issued an Order denying Plaintiff's § 2254 petition in its entirety. (Dkt. 101). On May 10, 2013, Petitioner filed a motion for reconsideration and vacatur of the April 22, 2013 Order pursuant to Rule 60(b). (Dkt. 103). On May 16, 2013, Petitioner filed a notice of appeal of the Court's Order denying habeas relief. (Dkt. 104). On March 27, 2014, the Court issued an Order denying Petitioner's Rule 60(b) motion (Dkt. 124), and Petitioner appealed that Order (Dkt. 125). On April 9, 2014, Petitioner filed a motion in this Court seemingly seeking an order to compel the production of transcripts from his state court trial. (Dkt. 126). On March 5, 2015, the United States Court of Appeals for the Second Circuit issued a mandate, *inter alia*, denying Petitioner's motion to compel the production of state court trial transcripts on the ground that Petitioner did not make a substantial showing of the denial of a constitutional right (Dkt. 129), and in light of the Second Circuit's ruling, this Court thereafter denied Petitioner's motion to compel as moot (Dkt. 131). The Second Circuit also denied Petitioner's motion for a certificate of appealability as to this Court's denial of his § 2254 petition on the ground that Petitioner did not make a substantial showing of the denial of a constitutional right. (Dkt. 129).

On June 10, 2015, Petitioner filed a motion in the Nassau County Supreme Court seeking an order directing that he be provided with free transcripts of his criminal case pursuant to New York Civil Practice Law and Rules § 1101. (Dkt. 136-6). The Nassau County Supreme Court denied that motion, noting, *inter alia*:

2

> A review of the file reveals that defendant was previously provided with all transcripts. This is conceded by the defendant, who also concedes that he was already provided with copies of the evidence…
>
> A review of the file in this matter reveals further that most recently defendant requested additional copies of transcripts from the Clerk of this Court and was informed that the record of the pretrial procedures and trial, as requested, is voluminous, and that he would have to pay the maximum copying fee permitted by law, $40.00. Thereafter, this motion was made.
>
> ….
>
> The record of this matter reveals that the defendant has not only exhausted his appellate rights, but has filed multiple lawsuits in Federal and State Courts against the District Attorney, his former attorneys, and law enforcement agencies, none of which have been found meritorious. The movant repeatedly requests transcripts of pre-trial and trial proceedings, and has been provided the names of court reporters, judges, and dates of his court appearances. He has also been provided information regarding how to obtain transcripts, and reimbursement for destruction or copies, yet has continued to renew applications for duplicate materials instead.

(*Id.*).

On December 28, 2015, Petitioner filed a second motion for reconsideration and vacatur of this Court's April 22, 2013 Order denying his § 2254 petition pursuant to Rule 60(b). (Dkt. 136). In his present Rule 60(b) motion, Petitioner argues that the Court's April 22, 2013 Order should be vacated due to his purported lack of access to transcripts from his state court trial. (*See* Dkt. 136-2 at ¶¶ 8, 11-15, 17-20).

## II.     DISCUSSION

"Rule 60(b) permits a court to relieve a party from final judgment in exceptional or extraordinary circumstances." *Persaud v. U.S.*, 04-cv-2861, 2010 WL 3000725, *2 (E.D.N.Y. July 27, 2010). A Rule 60(b) motion must "be made within a reasonable time." Fed. R. Civ. P.

3

60(c)(1). "To determine whether the party has filed the Rule 60(b) motion within a 'reasonable time,' the Court 'must scrutinize the particular circumstances of the case, and balance the interest in finality with the reasons for delay.'" *Carbone v. Cunningham*, 857 F. Supp. 2d 486, 487 (S.D.N.Y. 2012) (quoting *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir. 1983)). Petitioner filed this motion more than two and a half (2.5) years after judgment was entered against Petitioner with respect to his § 2254 petition. Petitioner offers no explanation for this delay or for failing to raise this argument (which is meritless in any event) in his initial Rule 60(b) motion of May 10, 2013. This delay is particularly inexcusable where, as noted by the Nassau County Supreme Court, Petitioner has a long history of raising arguments regarding purportedly inadequate access to state court documents. Courts in this Circuit have held that shorter delays are not "reasonable" in denying Rule 60(b) motions. *See, e.g., Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995) (motion filed eighteen (18) months after judgment was untimely); *Malik v. Mackey*, No. 03-cv-580, 2009 WL 255861, at *1 (S.D.N.Y. Jan. 30, 2009) (motion filed two (2) years after entry of judgment was untimely). Thus, Petitioner's Rule 60(b) motion is untimely.

Even if Petitioner's motion were timely, it is meritless. As noted by the Nassau County Supreme Court, Petitioner was provided with copies of all transcripts and evidence from the state court proceedings free of charge, and then afforded the opportunity to obtain additional copies of the voluminous transcripts for a forty dollar ($40) fee. And as the Second Circuit has already held, even accepting Petitioner's arguments regarding the purported lack of access to state court documents as true, he has not "made a substantial showing of the denial of a constitutional right." (Dkt. 129). Accordingly, Petitioner's Rule 60(b) motion is denied.

Finally, Petitioner has a well-documented history of litigiousness and filing all variety of

non-meritorious motions and letters in this Court and the courts of New York State, which is reflected in the lengthy and tortuous docket in this proceeding. Petitioner is warned that further filings, in whatever form, asking that the Court revisit its denial of his § 2254 petition will almost certainly result in the imposition of sanctions, including but not limited to the imposition of pre-filing requirements and the denial of *in forma pauperis* status for all purposes.

## III. CONCLUSION

For the reasons set forth above, Petitioner's Rule 60(b) motion is denied. The Court declines to issue a certificate of appealability because Petitioner has not "made a substantial showing of the denial of a constitutional right," pursuant to 28 U.S.C. § 2253(c)(2). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any attempt to appeal this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any such appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court shall serve notice of entry of this Order upon Petitioner in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

**SO ORDERED.**

                                            *s/ Sandra J. Feuerstein*
                                            Sandra J. Feuerstein
                                            United States District Judge

Dated: May 31, 2016
      Central Islip, New York