

**ANNE T. DONNELLY**
DISTRICT ATTORNEY

**SPECIAL PROCEEDINGS DIVISION**
Tammy J. Smiley, Executive

**APPEALS BUREAU**
Sarah S. Rabinowitz, Chief

# OFFICE OF THE DISTRICT ATTORNEY
## NASSAU COUNTY

February 2, 2026

Hon. Gary R. Brown (*Via ECF*)
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:   *John H. White v. David Rock*
               CV-10-5163 (GRB)

Dear Judge Brown:

      I am the assistant district attorney assigned to respond to the recent effort of John White (hereinafter "petitioner") to file a successive habeas corpus petition (*see* Document 154). For the reasons set forth herein, respondent respectfully requests that petitioner's application be denied.

Procedural History

      On October 22, 2005, one month after petitioner was released from prison on an unrelated matter, he and co-defendant Keith James ("James"), while armed with a loaded firearm, attempted to rob twenty-four-year-old Jose Benitez. Petitioner shot Benitez when he resisted, killing him.

      Petitioner and James were subsequently indicted on various charges, including murder and attempted robbery. As part of a plea agreement in an unrelated case, James agreed to provide testimony against petitioner. Following a jury trial, where the evidence included petitioner's admissions to police and James's testimony, petitioner was convicted of murder in the second degree (felony murder) and two counts of attempted robbery.

      Petitioner has since filed numerous motions, his direct appeal, and a prior petition for a writ of habeas corpus, many of which alleged that James's trial testimony was fabricated, which is the pervasive theme throughout petitioner's submissions.[1] The relevant filings are summarized

---

[1] Additionally, in or about 2014 petitioner sought a review of his conviction based on "new evidence" in the form of a recorded conversation purportedly between petitioner's brother and James. An extensive conviction integrity review was conducted, after which it was determined that James's statements were consistent with his trial testimony, that James reiterated that petitioner murdered Benitez, and that nothing in the recording was material to the integrity of petitioner's conviction. Thereafter, in 2023, petitioner requested that the Conviction Integrity Unit ("CIU") reinvestigate his case based upon an interview held in 2020, between a pro bono attorney and James, which the attorney committed to writing in an affidavit dated 2022. After conducting another review, CIU denied the request noting that petitioner raised the same allegations in his 2009 C.P.L. § 440.10 motion, which was denied by the Nassau County

here. Prior to sentencing, petitioner filed an unsuccessful motion to set aside the verdict pursuant to C.P.L. § 330.30(2). Thereafter, petitioner's attorney filed an appeal with the Appellate Division, Second Department, and, with leave, petitioner filed a *pro se* supplemental brief. A panel of the Appellate Division unanimously denied all of petitioner's claims as unpreserved and/or meritless. *People v. White*, 73 A.D.3d 820 (2d Dept. 2010). Petitioner sought leave to appeal to the New York Court of Appeals, which was denied. *People v. White*, 15 N.Y.3d 779 (2010).

While his direct appeal was pending, petitioner filed his first motion, pursuant to C.P.L. Article 440, in which he raised five claims, which, he asserted, established that James testified falsely. In a ten-page decision issued in June 2010, the court denied petitioner's motion on procedural and substantive grounds (Nassau Cty. Court, Ayres, J., June 11, 2010). On July 21, 2010, petitioner filed a motion with the Appellate Division, Second Department, seeking leave to appeal the denial of his motion to vacate. By order dated February 15, 2011, the Appellate Division denied the motion.

On November 5, 2010, petitioner sought federal habeas corpus relief raising twelve claims, and seeking discovery in an attempt to establish that his judgment of conviction was procured through the false testimony of James. Petitioner did not initially renew any of the claims raised in his C.P.L. § 440 motion, however, he later sought and was granted leave to file an amended petition to include the claims raised in his C.P.L. § 440 motion.

By Opinion and Order of the Honorable Sandra J. Feuerstein, dated April 22, 2013, petitioner's habeas corpus petition was denied in its entirety. Judge Feuerstein held that petitioner's discovery demands were overly broad and largely irrelevant, and that petitioner made no showing that the discovery requested would support any of the claims in his habeas petition. *White v. Rock*, 2013 WL 1767784 at *18 (April 22, 2013). With regard to petitioner's newly-discovered-evidence claim,[2] the Court held that there was no significant chance that the jury would have been affected by this evidence so as to have had a reasonable doubt that defendant committed the crimes. *Id*. at *35.

Petitioner thereafter sought reconsideration on the merits pursuant to Federal Rules of Civil Procedure 60(b). His application was denied. *White v. Rock*, 2014 WL 1315338 (March 27, 2014). On March 5, 2015, the United States Court of Appeals for the Second Circuit issued a mandate,

---

Supreme Court on the merits, and explicitly found that James was not coerced to give false testimony against petitioner.

[2] The "newly discovered evidence" consisted of three letters purportedly written by James, described as follows: (1) a letter, dated July 19, 2007, addressed to James's attorney in which James indicated that he wanted to withdraw his guilty plea because he had been confused about the terms of his plea agreement and felt pressured into cooperating with the prosecution (the People argued that this letter had not been authenticated nor was it ever established that the letter was actually sent to, or received by James's defense counsel); (2) a letter from James to former Nassau County Supreme Court Justice William Donnino, notarized on January 16, 2008, advising that James had implicated petitioner following a promise of immunity, but that his statement was not voluntary; and (3) a letter from James to the Hon. Donnino, notarized on January 23, 2008, informing the judge that he had been coerced by his attorney to accept his plea agreement, had been compelled to act against his will, and that the prosecutor used threatening tactics to convince him to lie. *See White v. Rock*, 2013 WL 1767784 at *15.

denying petitioner's motion for a certificate of appealability as to the District Court's denial of his habeas petition.

In addition to numerous motions in the Nassau County Supreme Court, and numerous petitions, motions, and letters directed to this Court, petitioner filed numerous motions with the United States Court of Appeals for the Second Circuit, as well as a petition for a writ certiorari in the United States Supreme Court.

In November 2023, petitioner filed a second motion to vacate his conviction pursuant to C.P.L. § 440, arguing that: (1) the Grand Jury proceeding was defective due to Detective Re providing false testimony; (2) the People committed various *Rosario* and *Brady* violations at trial; (3) the People submitted false information to the Appellate Division by mistakenly referring to Jose Rosales as Caesar Jiminez; and (5) defense counsel was ineffective for a variety of reasons.

By decision and order entered January 28, 2025, the Nassau County Supreme Court denied petitioner's motion in its entirety (Murphy, J.).[3] Petitioner's claims of alleged *Rosario* and *Brady* violations, prosecutorial misconduct, and ineffective assistance of counsel, were denied on procedural grounds. The court further held that petitioner's failure to provide sworn allegations of fact to support those claims rendered them meritless.

In February 2025, petitioner filed with the Appellate Division, Second Department, a notice of appeal as well as a motion seeking leave to appeal the denial of his second motion to vacate judgment. The former was dismissed on the court's own motion in December 2025. On May 30, 2025, the Appellate Division issued an order denying petitioner's motion for leave to appeal the denial of his second C.P.L. § 440 motion.

Petitioner's Current Request to File a Successive Petition for Habeas Corpus Relief

Petitioner now asks this Court for permission to file a successive petition for a writ of habeas corpus on five grounds: (1) new evidence; (2) prosecutorial misconduct involving the identity of Jose Rosales and Caesar Jiminez; (3) false testimony by Detective Re during the Grand Jury proceeding; (4) *Rosario* and *Brady* violations; and (5) ineffective assistance of counsel.

As an initial matter, petitioner is precluded from submitting a successive petition for a habeas writ because the Second Circuit has not issued an order permitting him to file. This is a non-waivable requirement. *See Torres v. Senkowski*, 316 F.3d 147 (2d Cir. 2003). In any event, petitioner's claims do not rely "on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" (28 U.S.C. § 2244[b][2][A]). Petitioner has not met his burden of identifying applicable new Supreme Court precedent. *See Brown v. Lensing*, 171 F.3d 1031 (5th Circuit 1999). Indeed, the single Supreme Court case he cites to is *United States v. Massaro*, which was decided in 2003. Moreover, even if petitioner's claims do not rely on a new, retroactively effective rule of constitutional law, petitioner

---

[3] A copy of the Nassau County Supreme Court decision is annexed hereto as Attachment 1.

*White v. Rock*, CV-10-5163 (GRB)
Page 4 of 6

has failed to demonstrate that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence [and that] the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found [petitioner] guilty of the underlying offense." 29 U.S.C. § 2244(b)(2)(B).

More particularly, with respect to his claim of new evidence, as stated in footnote 2, *supra*, petitioner asserts that an attorney acting on his behalf prepared an affidavit in 2022, memorializing an interview she had with James two years earlier, in which James allegedly said that he was coerced to testify falsely against petitioner. This claim was not raised in petitioner's second C.P.L. § 440 motion, was never litigated and, thus, is unexhausted. *See* 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (requiring state prisoners to "invoke[e] one complete round of the State's established appellate review process" in order to exhaust a claim").

Petitioner's second and third grounds for relief each raise issues that were addressed in his second C.P.L. § 440 motion. As noted *supra*, the court denied those claims on procedural grounds; specifically, that petitioner's claims were either raised on appeal or defendant failed to raise them despite the fact that they were fully reviewable from the record (C.P.L. § 440.10[2][a] & [c]). Also, these claims could have been, but were not, raised in his first C.P.L. § 440 motion (C.P.L. 440.10[3][b]; *see also People v. Gonzalez*, 195 A.D.3d 641, 642 [2d Dept. 2021]) (*see* Attachment 1 at 2, 4, 5). The procedural bars recognized by the state court are applicable to this proposed successive petition as independent and adequate state procedural bars to federal review. *See Murden v. Artuz*, 497 F.3d 178, 195-96 (2d Cir. 2007).

Additionally, with respect to petitioner's third ground for relief—that Detective Re gave false testimony at the Grand Jury—not only did the Nassau County Supreme Court deem the claim procedurally barred for, among other things, petitioner's failure to raise this record-based claim on direct appeal, the court held that the claim was also precluded substantively because petitioner was convicted at trial based upon legally sufficient evidence (*see* C.P.L. § 210.30[6]); *People v. Molina*, 188 A.D.3d 920, 923 [2d Dept. 2020]).

In his fourth claim, petitioner alleges that the testimony of Keith James and Jose Rosales was not disclosed to the defense prior to the trial. With respect to James, petitioner acknowledges that he received James's written statement prior to trial but complains that James's trial testimony deviated from his written account. That, however, would have been a proper subject for cross-examination. Evidence that merely impeaches a prosecution witness fails to meet the requirement that it would be sufficient to establish by clear and convincing evidence, that but for a constitutional error, no reasonable factfinder could have found Petitioner guilty. *See In re Fowlkes*, 326 F.3d 542, 547 (4th Cir. 2003). With respect to Rosales, he testified that he gave a written statement in this case. However, that was contradicted by police testimony. In any event, petitioner raised this claim in prior state court filings, and it is thus, procedurally barred. Moreover, the claim does not rely on a new, retroactively effective rule of constitutional law, nor would it be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable

factfinder would have found the petitioner guilty of the underlying offenses. (28 U.S.C. § 2244[b][2][A] and [B]).

Finally, petitioner raises a generic claim of ineffective assistance of counsel, stating that his trial counsel failed to raise objections, file motions, or create a record. Similar issues were raised in petitioner's second C.P.L. § 440 motion wherein the People outlined how those claims were either raised on appeal or that petitioner failed to raise them, despite the fact that they were fully reviewable from the record (*see* Opposition to Defendant's Second Motion to Vacate Judgment: Kornblau Affidavit at ¶¶ 24, 25; Memorandum of Law at 27-29).[4] Further, the People pointed out that petitioner's claims could have been, but were not, raised in his first C.P.L. § 440 motion (*see* Memorandum of Law at 27). Consequently, the Nassau County Supreme Court determined that petitioner's claim was procedurally barred pursuant to C.P.L. §§ 440.10(2)(a) & (c) and 440.10(3)(b). In reviewing a petition for habeas corpus relief, a federal court should not "review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *see also Weberman v. Collado*, No. 20-CV-3584 (BMC), 2026 WL 194277, at *4 (E.D.N.Y. Jan. 26, 2026) ("A New York court's decision denying a 440 motion on grounds that the claim '*could have* been raised on appeal ... serves as an independent-and-adequate state ground that procedurally bars [a federal court] from reviewing that claim.'" [Internal citation omitted]). Notwithstanding the procedural bar, because petitioner failed to provide sworn allegations to support his claims, the claims were deemed meritless, and petitioner has not presented any new ineffectiveness arguments in his current application that present any reason for this Court to disturb the state court's prior determination of effectiveness.

It also bears noting that if this Court were to grant petitioner permission to file a successive petition based on these grounds, it would be a "mixed petition," containing both exhausted and unexhausted claims. More particularly, petitioner's claim of newly discovered evidence—referring to the aforementioned pro bono attorney's affidavit—is unexhausted because this claim was never raised before the State court. His other grounds for relief are deemed to be exhausted because "the state courts were afforded the opportunity to consider the claims raised on the merits." *Walker v. Dalsheim*, 669 F. Supp. 68, 70 (citing *Dean v. Smith*, 753 F.2d 239 [2d Cir. 1985]). Thus, the petition contains a mix of claims that can still be exhausted and claims that are deemed exhausted. Accordingly, the Court may dismiss the petition, deny the petition, or hold the petition in abeyance. *See Rhines v. Weber*, 544 U.S. 269, 275-79 (2005); *Rose v. Lundy*, 455 U.S. 509, 510, 519 (1982); *Dorcinvil v. Kopp*, 710 F. Supp. 3d 128, 147 (E.D.N.Y. 2024). Pursuant to 28 U.S.C. § 2254(b)(1)(A) and (c), respondent move to dismiss the habeas petition because it is a "mixed petition."

---

[4] The People's Opposition to Defendant's Second Motion to Vacate his Conviction consisting of the Affirmation of ADA Barbara Kornblau and a Memorandum of Law is annexed as Attachment 2.

*White v. Rock*, CV-10-5163 (GRB)
Page 6 of 6

  For the reasons set forth herein, the People respectfully request that petitioner's request for relief be denied in its entirety.

                   Respectfully submitted,

                   *Liora M. Ben-Sorek*
                   Liora M. Ben-Sorek
                   Assistant District Attorney

Attachments

cc: John White, DIN # 08A3366
   *Petitioner, Pro Se*
   Green Haven Correctional Facility
   594 Route 216, Box 4000
   Stormville, New York 12582
   (*Via* U.S. Mail)

CERTIFICATE OF SERVICE

I hereby certify that, on February 2, 2026, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon:

>John White, DIN #08A3366
>*Petitioner, Pro Se*
>Green Haven Correctional Facility
>594 Route 216, P.O. Box 4000
>Stormville, New York 12582

>ANNE T. DONNELLY
>District Attorney, Nassau County
>*Attorney for Respondent*
>262 Old Country Road
>Mineola, New York 11501
>(516) 571-3660
>
>By:   Liora M. Ben-Sorek
>        Assistant District Attorney