**SUPREME COURT - STATE OF NEW YORK**
**COUNTY OF NASSAU - CRIMINAL TERM**

| | |
|---|---|
| SC Part: | **Part 28** |
| Ind. No.: | **70014/06** |
| Motion No.: | **C-160, 161, 162, 163** |

Present:  Honorable Terence P. Murphy, JSC

-----------------------------------------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK

-against-

JOHN WHITE,

　　　　　　　　　　　　　　Defendant.

-----------------------------------------------------------------------x

Hon. Anne Donnelly
Nassau County District Attorney
By: Barbara Kornblau
262 Old Country Rd
Mineola, NY 11501

John White
Pro Se Defendant
DIN #08A3366
Greenhaven Correctional Facility
594 Route 216, PO Box 4000
Stormville, NY 12582

The following named papers numbered 1 to 8 have been considered by the Court on this motion.

papers numbered

Defendant's Notices of Motions, Affidavits in Support w/exhibits................................1, 2, 3, 4
People's Affirmations in Opposition w/exhibits and Memoranda of Law........................5, 6, 7
Defendant's Reply ................................................................................................8

*Pro Se* Defendant has filed a series of four post-conviction motions. The motions were fully submitted on November 9, 2024.  One of the motions is for an Order pursuant to CPL §440, *et. Seq* **(C-160)**, to vacate his judgment of conviction on the grounds that he was denied due process of the law and ineffective assistance of counsel. Defendant argues that his judgment of conviction should be vacated because (1) the grand jury proceeding was defective; (2) the People committed various *Rosario* and *Brady* violations at trial; (3) the People submitted false information to the Appellate Division in their appellate papers; and (4) defense counsel was ineffective. The People, by affirmation of Assistant District Attorney Barbara Kornblau, oppose the application. The People argue, among other things, that the motion should be denied because

**ATTACHMENT 1**

People v. John White
Ind. #70014/06

(1) defendant's claim challenging the sufficiency of the evidence before the grand jury is precluded because he was convicted at trial upon legally sufficient evidence (CPL §210.30(6)); (2) his claims are procedurally barred because they were either raised on appeal or defendant failed to raise them despite the fact that they were fully reviewable from the record (CPL §440.10(2)(a) & (c)); (3) defendant's claims could have been, but were not, raised in his previous CPL §440 motion (CPL §440.10(3)(c)); and (4) his claims are meritless and entirely unsupported by sworn allegations of fact (CPL §440.30(4)(b)-(d)).

In a separate but related motion, defendant moves for appointment of assigned counsel "in contemplation of his pending CPL §440.10(1)(f,h) Writ" and his "application seeking to hold [the People] in contempt of court"; and a motion for permission to proceed as a poor person. The People, by affirmation of Liora M. Ben-Sorek, oppose the application. For the reasons provided below, defendant's CPL §440 motion (C-160) and motion for assigned counsel (C-163) are summarily denied in their entirety.

Defendant was convicted after a jury trial on August 24, 2007, of one count of murder in the second degree (PL §125.25(3)), a class A-1 felony, one count of attempted robbery in the first degree (PL §110/160.15(2)), and one count of attempted robbery in the second degree (PL §110/160.10(1)). He was acquitted of the charges of criminal possession of a weapon in the second degree and criminal possession of a weapon third degree. The defendant was sentenced on June 6, 2008, to an indeterminate term of imprisonment with a minimum of twenty-five years and a maximum of life on the second degree murder charge, and concurrent time on the attempted robbery charges (Brown, J. at trial and sentencing). He was represented by counsel during the entirety of his case.

Defendant's conviction stems from his involvement, with co-defendant Keith James, in an attempted robbery that resulted in the murder of victim Jose Benitez in Hempstead, New York on October 22, 2005. The evidence presented at trial revealed that defendants White and James were parked in front of a convenience store looking for someone to rob. After they spotted the victim as he was leaving the store, defendant White exited the car and followed the victim on foot while defendant James drove around the block. While White was attempting to rob the victim, there was a struggle and James got out of the car and ran to help White. As the victim

2

**ATTACHMENT 1**

was trying to run away, there were three gunshots. The victim staggered down the street toward his home and collapsed to the ground. The victim was pronounced dead after being transported to the hospital.

Several months before the trial, defendant James entered into a plea agreement in which he agreed to testify truthfully at the trial. In addition to co-defendant's testimony, there was eyewitness testimony that placed defendant White at the scene of the crime. Defendant had also confessed to police that he and James conspired to commit a robbery, he was aware that James had a gun and he accompanied James as he ran after the victim. *See People v. White*, 73 A.D.3d 820, 821 (2nd Dept 2010). In addition, ballistic evidence matched the bullet removed from the victim to the gun that was recovered from James' house.

Prior to sentencing, defendant filed a motion to set aside the verdict pursuant to CPL §330.30(2) claiming juror misconduct and that the verdict was repugnant. On November 29, 2007, the motion was denied in its entirety (Brown, J.).

Defendant appealed his conviction to the Appellate Division and was represented by appellate counsel. In addition to appellate counsel's papers, defendant was granted permission to file a pro se supplemental brief in which he raised five additional claims. The Appellate Division found, among other things, that there "was legally sufficient evidence to establish defendant's guilt beyond a reasonable doubt"; "the verdict of guilt was not against the evidence"; and that defendant's arguments alleging ineffective assistance of counsel were without merit. As such, the judgment was affirmed. *People v. White*, 73 A.D.3d 820, 822 (2nd Dept 2010).

Defendant now moves again to vacate the judgment of conviction against him, after numerous attempts outlined in great detail in the People's opposition papers, including a prior CPL §440.10 motion before this Court which was denied on the merits by decision and order dated June 11, 2010 (Ayres, J.); a motion to the Appellate Division seeking leave to appeal the motion to vacate which was denied by order dated February 15, 2011; a federal habeus corpus petition which was denied in its entirety on April 22, 2013 (*White v. Rock*, 2013 WL 1767784 at *18)); a subsequent application for reconsideration which was denied (*White v. Rock*, 2014 WL 1315338 (March 27, 2014)); a Coram Nobis motion claiming ineffective assistance of his appellate counsel which was denied by order dated June 28, 2011 (*People v. White*, 85 A.D.3d

**ATTACHMENT 1**

1205 (2nd Dept. 2011)): and a motion to this Court claiming he had newly discovered evidence which was denied on April 2, 2018 (Ricigliano, J.).

In addition to the plethora of motions and appeals seeking vacatur and other forms of relief made to the County Court, Appellate Division, and Federal Courts, defendant has also made multiple FOIL requests and sent hundreds of letters and notices to the District Attorney's office requesting various documents and that the District Attorney conduct investigations and indict certain ADAs. The People assert that all requests were reviewed by various supervisors in the DA's Office and determined to be unfounded (Kornblau Affirmation at ¶19). A comprehensive review was also conducted by Executive Assistant District Attorney Sheryl Anania regarding the integrity of defendant's conviction. After reviewing transcripts, prior motions and related papers, ADA Anania responded to defendant by letter dated November 17, 2014 that she concluded that the matter did not merit further investigation and she was closing the matter (Affirmation of ADA Barbara Kornblau at ¶18).

Now, more than sixteen years after his conviction, defendant seeks again to vacate his judgment of conviction by a CPL §440 motion claiming the judgment was obtained in violation of his right to effective assistance of counsel as well as the other claims noted above. The People oppose the motion, claiming that defendant's motion should be summarily denied as procedurally barred because they were either raised on appeal or because defendant failed to raise them despite the fact that they were fully reviewable from the record (CPL §440.10(2)(a) & (c)); and his claims could have been, but were not, raised in his previous CPL §440 motion (CPL §440.10(3)(c)).

The People further assert that even if this Court were to overlook the procedural bars, defendant still has not established entitlement to CPL §440 relief as his claims are meritless and entirely unsupported by sworn allegations of fact (CPL §440.30(4)(b)-(d)).

Criminal Procedure Law §440.30(4)(d) states that a motion to vacate a judgment may be denied without a hearing where an allegation of fact essential to support the motion is (i) contradicted by a court record or other official document, or is made solely by defendant and is unsupported by any other affidavit or evidence, and (ii) under these and all other circumstances attending the case, there is no reasonable possibility that such allegation is true. *People v. Session*, 34 N.Y.2d 254 (1974). It is the defendant's burden to allege facts that make out a prima

4

**ATTACHMENT 1**

facie case of his counsel's ineffectiveness. *People v. Ozuna*, 7 N.Y.3d 913 (2006); *People v. Ford*, 46 N.Y.2d 1021 (1979); *People v. Waymon*, 65 A.D.3d 708 (2d Dept. 2009). "It is not enough to make conclusory allegations of ultimate facts; supporting evidentiary facts must be provided." *People v. Session*, 34 N.Y.2d at 256.

Defendant contends he was denied effective assistance of counsel, claiming that his trial counsel failed to make certain motions, including moving to dismiss the indictment, and takes issue with counsel's cross-examination of certain witnesses. The People, in opposing defendant's motion based on procedural bar, outlined how defendant's claims were either raised on appeal or that defendant failed to raise them despite the fact that they were fully reviewable from the record. The People also stressed that his claims could have been, but were not, raised in his previous CPL §440 motion.

The Court finds that defendant has failed to establish entitlement to relief pursuant to CPL §440.10. In the instant motion, defendant's claims of ineffective assistance of counsel, the People's alleged *Rosario* and *Brady* violations, and that they People engaged in prosecutorial misconduct at trial, are procedurally barred. Defendant has also failed to provide sworn allegations of fact to support any of his claims and therefore, defendant's claims are without merit.

Finally, defendant's claim challenging the sufficiency of the evidence before the grand jury is procedurally barred. Defendant failed, among other things, to raise the records-based claim on direct appeal. The claim is also precluded because he was convicted at trial upon legally sufficient evidence (*see* CPL §210.30(6); *People v. Molina*, 188 A.D.3d 920, 923 (2nd Dept. 2020)).

With respect to defendant's motion for an order appointing him assigned counsel (**C-163**), defendant refers to his CPL §440.10 motion and his motion pursuant to Judiciary Law §§750(a) and 756, purportedly brought by order to show cause, to hold members of the District Attorney's Office in Contempt. Attached to defendant's motion for counsel was a Notice of Motion to Proceed as a Poor Person pursuant to CPLR §§1101(f) and 1102, along with an Affidavit in Support.

Defendant contends that, among other things, he should be assigned an attorney because his motions involve "meritorious allegations that his trial was unfair" and then proceeds to

**ATTACHMENT 1**

rehash in great detail his arguments regarding his CPL §440 motion. He also repeats the many ways that the People's conduct throughout his case and trial was improper, prejudicial, and incompetent.

The People argue that defendant is not entitled to the relief he seeks as there is no statutory right to appointed counsel for a CPL §440 motion unless a hearing has been ordered; and, that his request for poor person relief must be made to an intermediate appellate court.

While the Court is not insensitive to the complexities or difficulties a pro se litigant faces in preparing motion papers, defendant's papers fail to establish a basis for relief. However, there is no right to assigned counsel for post-conviction, collateral attacks. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); People v. McCants, 2011 N.Y. Slip Op 34162(U) (Sup. Ct. Nassau County, 2011). Indeed, defendant concedes that a "CPL 440 is a collateral proceeding 'the Federal Constitution does not mandate that the court assign counsel". Counsel may be assigned in the event that a CPL §440 hearing is ordered, but not for the preparation of a CPL §440 motion. County Law §722(4); People v. Richardson, 159 Misc. 2d 167, 170 (N.Y. Supreme Court, Kings County, 1993). As noted above, the Court has summarily denied defendant's CPL §440 motion and therefore, no hearing is required. As such, defendant is not entitled to appointed counsel and his motion is denied in its entirety.

In support of his application to proceed as a poor person, under this motion, defendant merely states his "current financial circumstances prove indigence". A party moving to proceed in an action as a poor person must make a proper application by setting forth in an affidavit, among other things, the nature of the action and sufficient facts so that the merit of the applicant's contentions can be ascertained. CPLR §1101(a). In the instant case, there is no factual support for the relief defendant demands. Accordingly, the Court finds that the defendant has not met his burden under CPLR §1101(a), and thus, this Court has no jurisdiction to grant the relief the Defendant seeks. *See, People v. Stroman*, 16 Misc.3d 749 (Sup. Ct. Kings County 2007). Defendant's motion is denied in its entirety.

Defendant has also moved this Court purportedly by order to show cause seeking to hold Assistant District Attorneys Kornblau and Sternberg and the District Attorney's Office in criminal and civil contempt pursuant to Judiciary Law §§750(a) and 756 **(C-161)**. Defendant contends that they engaged in discovery and due process violations during the grand jury

**ATTACHMENT 1**

presentation, defendant's 2007 trial and appellate proceedings in 2009 and 2010. The People, by affirmation of Assistant District Attorney Lora Ben-Sorek, oppose the application. The People argue, among other things, that the motion should be denied because it is "jurisdictionally improper and patently meritless" and is "yet another of the myriad specious filings of defendant".

With respect to defendant's allegations against ADAs Kornblau and Sternberg, the Court notes that these ADAs were only involved in the post-conviction and appeals proceedings of defendant's case. Defendant claims that the ADAs misrepresented to the Appellate Division that "Julio Caesar Jiminez is the same person as Jose Roris Rodriguez Rosales". Defendant's argument relies on a footnote in the People's appellate brief that contained this statement, to which the ADA subsequently filed a letter with the Clerk of the Court for the Appellate Division, Second Department, wherein she asked the Court to disregard the footnote. The Court has reviewed the page from the People's appellate brief and the letter to the Court retracting the statement and concludes that this appears to be an error by the ADA that was subsequently corrected by notice to the Appellate court.

With respect to defendant's remaining arguments, the Court agrees with the People that the arguments are "largely a conglomeration of various grievances he has already asserted over the years and have either been previously addressed . . . or are inappropriately brought before this court". Furthermore, the motion lacks merits because there is no clear and unequivocal, lawful court order that was in effect that the People implicitly or explicitly violated (*see Department of Environmental Protection of the City of New York v. Department of Environmental Conservation of the State of New York*, 70 N.Y.2d 233, 240 (1987). For the foregoing reasons, defendant's motion is denied.

Finally, defendant filed a motion for default **(C-162)** claiming that the People did not timely file their opposition papers to his CPL §440 motion and contempt motion. Defendant also contends that the People improperly had an ex parte communication with the Court when they requested by email an adjournment to file their opposition papers. The Court notes that the People timely filed their opposition papers as the Court had granted their request for a sixty-day adjournment to oppose both of defendant's motions and that the communication requesting the adjournment was not improper. The Court notes that defendant was promptly notified by letter

7

**ATTACHMENT 1**

from the People of the new return date, which also gave defendant additional time to file a Reply, and that the only communication the People had with the Court regarding defendant's motions was regarding the adjournment request and not about the merits. As such, defendant's motion for default is denied in its entirety.

The foregoing constitutes the decision and order of this Court. All applications not specifically addressed herein are denied.

Dated: January 20, 2025          ENTER:
Mineola, New York

_____
Hon. Terence P. Murphy, JSC

**PLEASE TAKE NOTICE THAT**: the Defendant be and is hereby advised of his right to apply to the Appellate Division; Second Department for a certificate granting leave to appeal from this determination and upon proof of his financial inability to retain counsel and to pay the costs and expenses of the appeal, Defendant may apply to the Appellate Division for the assignment of counsel and for leave to prosecute the appeal as a poor person and to dispense with printing.  Such application for poor person relief will be entertained only if, and when such permission or certificate is granted.  22 NYCRR Section 671.5.

Dated: January 20, 2025

_____
Hon. Terence P. Murphy, JSC

ENTERED
AND
FILED

JAN 2 8 2025

CLERK'S OFFICE
COUNTY COURT
NASSAU COUNTY

8

**ATTACHMENT 1**